IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| David Widby<br><br>                Plaintiff,<br><br>  vs.<br><br>State Farm Mutual Automobile Insurance Co. of Bloomington, Illinois and Michelle L. Garner,<br><br>                Defendants. | Case No. 3:08-cv-00144 TMB<br><br>O R D E R<br>Granting Plaintiff's Motion to Remand |

## I. MOTION PRESENTED

Plaintiff David Widby moves to remand this action to Alaska Superior Court, Third Judicial District at Anchorage. Defendant State Farm opposes. The Court decides this matter based on the papers submitted and oral argument held on November 18, 2008. For the reasons stated below, the Court grants the motion, in part, and remands the Plaintiff's declaratory relief claim to Alaska Superior Court.

## II. BACKGROUND

On or about June 1, 2006, Widby was riding in a vehicle driven by his wife, Kristine Walker-Widby, which was rear-ended by a vehicle driven by Schonel C. Sharp. Sharp was insured under a GEICO liability policy with a limit of $50,000, plus exposure for prejudgment interest and Alaska R. Civ. P. 82 fees. Widby received $25,000 in medical benefits from State Farm and eventually settled with GEICO for the bodily injury policy limits of Sharp's policy. Believing his damages exceeded those amounts, Widby seeks additional underinsured motorist benefits ("UIM benefits") under one or more of three policies issued by State Farm that cover the crash vehicle and two other vehicles owned by the Widbys. State Farm contends that the first exposed under Alaska law includes an endorsement – Endorsement 6127BN – requiring Widby to sue State Farm on or before the second anniversary of the crash. Widby argues that this endorsement is unenforceable under Alaska law.

1

On May 30, 2008, Widby filed his initial complaint in Alaska Superior Court asserting two causes of action. The first seeks a declaration that the policy containing Endorsement 6127BN violates Alaska Statute 21.89.035 and is thus unenforceable and an injunction ordering the parties to arbitrate the UIM dispute. The second asserts a UIM claim and seeks money damages.

### III. LEGAL STANDARDS

In a removal action, a district court must remand a case to state court if, at any time before final judgment, the court determines that it lacks subject matter jurisdiction or when the notice of removal contains plain jurisdictional defects.[1] The party seeking to invoke removal jurisdiction bears the burden of supporting its jurisdictional allegations with competent proof.[2] District courts must construe the removal statutes strictly *against* removal and resolve any uncertainty as to removability in favor of remanding the case to state court.[3]

To establish jurisdiction pursuant to diversity of citizenship, the party asserting jurisdiction must show (1) complete diversity among opposing parties and (2) an amount in controversy exceeding $75,000.[4]

The standard for determining discretionary jurisdiction in a declaratory judgment action is discussed in the next section of this order.

### IV. DISCUSSION

#### A. Diversity Jurisdiction

Widby argues that the Court should remand this action based on a lack of diversity because his complaint states viable claims against Michelle L. Garner, a State Farm claim representative who resides in Alaska. State Farm disagrees, arguing that Garner is a sham defendant or was fraudulently joined for the purpose of destroying diversity jurisdiction.

---

[1] *See* 28 U.S.C. § 1447 et seq.

[2] *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam); *Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1195 (9th Cir. 1988).

[3] *Takeda v. Northwestern Nat'l. Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985).

[4] *See* 28 U.S.C. § 1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

2

Although Widby's complaint does not expressly state a claim against Garner, he asserts that factual allegations made within it support a negligence claim against Garner in connection with State Farm's failure to arbitrate his UIM claim. The Court disagrees.

Fraudulent joinder is a term of art. If a plaintiff fails to state a cause of action against a resident defendant, and the failure is apparent under the settled rules of the state, the joinder of the resident defendant is considered fraudulent.[5] Alaska is a notice pleading state. Alaska R. Civ. P. 8(a) requires only a "short and plain statement of the claim" that will give the defendant fair notice of the claim and the grounds upon which it rests.[6] In addition, pleadings are to be liberally construed, with the goal of achieving substantial justice.[7] Yet even under this lenient standard, the Court concludes that Widby's complaint fails to state a tort claim against Garner. Even assuming *arguendo* that allegations in the complaint support the duty and breach elements of a negligence claim, the same cannot be said for causation and damages. Widby asserts that paragraphs 26 and 27 support an inference of causation. These paragraphs state:

> 26. Widby, on the other hand, contends that this endorsement is unenforceable as it violates the appraisal and arbitration provisions set forth in AS 21.89.035 and that the offending endorsement further forces Widby to assert his claim, to his detriment and prejudice, before he otherwise wishes to do so, limited only by the contract statute of limitations.
>
> 27. The parties are entitled to a declaration of their rights and, should Mr. Widby succeed, to an order reforming Exhibits 1 and 3 to the terms with regard to UIM dispute resolution contained in Exhibit 2, and to a further mandatory injunction directing that the parties comply with any demand for arbitration consistent with the terms of Exhibit 2 and Alaska's Uniform Arbitration act, as relates to Mr. Widby's UIM claim.[8]

There is simply no basis here for inferring the elements of causation or damages for a tort claim against Garner. Paragraph 26 refers obliquely to State Farm's action in "forc[ing]" him to assert his claim, while Paragraph 27 addresses Widby's claim for declaratory relief. This is not

---

[5] *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

[6] *See Great Western Savings Bank v. George W. Easley Co.*, 778 P.2d 569, 577 (Alaska 1989).

[7] *Sykes v. Melba Creek Mining, Inc.*, 952 P.2d 1164, 1168 n.4 (Alaska 1989).

[8] Docket 1, Ex. C1.

3

enough to provide the defendants with fair notice of a negligence claim against Garner. Thus, the complaint fails to state a viable claim against Garner, making her a sham defendant. Because of this, her presence does not destroy diversity and the Court has diversity jurisdiction over this action.[9]

**B. Discretionary Jurisdiction Under the Declaratory Judgment Act**

Widby asks the Court to exercise its discretion to abstain from hearing this matter under the Declaratory Judgment Act, 28 U.S.C. § 2201(a). A suit seeking federal declaratory relief must (1) present an actual case or controversy within the meaning of Article III, Section 2, of the United States Constitution and (2) satisfy statutory jurisdictional prerequisites.[10] If the lawsuit meets both constitutional and statutory jurisdictional requirements, the district court's determination is discretionary because the Act was "deliberately cast in terms of permissive, rather than mandatory, authority."[11]

The Ninth Circuit has provided guidance on the factors a district court should consider in deciding whether to hear a declaratory judgment action. These include: avoiding needless determination of state law issues; discouraging litigants from filing declaratory actions as a means of forum shopping; avoiding duplicative litigation; resolving all aspects of a controversy in a single proceeding if possible; avoiding excessive entanglement between the federal and state court systems; avoiding jeopardizing the convenience of the parties."[12]

Here, Widby argues, and State Farm concedes, that Widby's declaratory relief claim raises a novel issue under Alaska law: whether a provision requiring an insured with an unresolved UIM claim to file suit against the insurer within two years violates AS 21.89.035. This is not a case requiring the application of established state law to a particular set of facts. Rather, it involves an unresolved issue of Alaska law that is central to the outcome of Widby's declaratory relief claim,

---

[9] 28 U.S.C. § 1332.

[10] *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998).

[11] *Dizol*, 133 F.3d at 1223 (quoting Public Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 250 (1952) (J. Reed, concurring)).

[12] *See Dizol*, 133 F.3d at 1225;

4

making an Alaska court a more appropriate jurisdiction to decide this claim. Because of this, the first factor weighs heavily in favor of having this Court decline jurisdiction.

The second factor – forum shopping – is not a concern here. Because Widby initiated this declaratory judgment action, it cannot be considered "reactive" or "defensive," and thus no improper forum shopping has occurred.[13] The third factor – avoiding duplicative litigation – is inapplicable, as there is no parallel litigation. The fourth factor, however, weighs against remanding the declaratory relief claim, because the Court must retain jurisdiction over Widby's UIM claim because diversity jurisdiction exists. Therefore, all the aspects of the controversy would not be resolved in a single proceeding. The fifth factor weighs in favor of declining jurisdiction, because the case raises a novel issue of Alaska law. Finally, the convenience of the parties is not at issue, given the proximity of the federal and state courts in Anchorage.

After considering all the relevant factors, the Court finds that the balance weighs in favor of exercising the Court's discretion to decline jurisdiction over Widby's claim for declaratory relief.[14]

**C. The UIM Claim**

Although the Court is exercising its discretion to abstain from hearing Widby's complaint for declaratory relief, this discretion does not extend to Widby's second cause of action seeking UIM benefits. This claim is independent of the claim for declaratory relief, and thus is not subject to the Declaratory Judgment Act's discretionary jurisdiction rule.[15] Such claims "invoke the virtually unflagging obligation of the district court to hear jurisdictionally sufficient claims."[16] But because Widby's UIM claim is pled in the alternative, and need not be decided, if at all, until the declaratory

---

[13] *See Continental Gas Co. v. Robsac Industries*, 947 F.2d 1367 (9th Cir. 1991) (overruled on other grounds by *Dizol*, 133 F.3d at 1227).

[14] 28 U.S.C. § 2201.

[15] *See American Cas. Co. of Reading, Pa. v. Krieger*, 181 F.3d 1113, 1119-20 (9th Cir. 1999); *Snodgrass v. Provident Life and Accident Ins. Co.*, 147 F.3d 1163, 1167 (9th Cir. 1998) (per curiam).

[16] *American Cas. Co. of Reading, Pa. v. Krieger*, 181 F.3d at 1120.

5

relief action is settled, the Court orders the UIM claim stayed pending resolution of the declaratory relief claim in state court.[17]

## V. CONCLUSION

For the reasons stated above, the Court GRANTS the Plaintiff's motion to remand at Docket No. 9 with regard to the Plaintiff's first cause of action seeking declaratory relief. The Court also STAYS the Plaintiff's second cause of action seeking UIM benefits pending resolution of the declaratory relief action.

Dated at Anchorage, Alaska, this 24th day of November, 2008.

/s/ Timothy Burgess
TIMOTHY M. BURGESS
UNITED STATES DISTRICT JUDGE

---

[17] *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 721 (9th Cir. 1996).